IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALLEN LEE MOORE,**

      **Petitioner,**

   v.                                        **CIVIL ACTION NO. 5:08cv119**
                                                    **(Judge Stamp)**

**DAVID BALLARD, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On August 12, 2008, the *pro se* petitioner, Allen Lee Moore [hereinafter referred to as "petitioner"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. On August 25, 2008 the petitioner paid the required $5 filing fee. By order entered on August 26, 2008, the respondent, was ordered to show cause why the petition should not be granted. On September 16, 2008, the respondent filed a Motion to Dismiss the petition as untimely. On September 17, 2008, the court issued a Roseboro Notice, and on October 6, 2008, the petitioner filed his Response/Objections to the State's motion to dismiss.

### II. FACTUAL AND PROCEDURAL HISTORY

During its September 2003 Term, the Taylor County grand jury returned a 4-count indictment charging the petitioner with two counts of Sexual Assault in the Second Degree, and two counts Sexual Abuse by a Parent, Guardian or Custodian. By order entered April 22, 2004, two of those counts were dismissed on the State's motion. Following a jury trial on April 26 and 27, 2004, the petitioner was convicted of one count of Sexual Assault in the Second Degree and

one count of Sexual Abuse by a Parent, Guardian or Custodian.(Doc.12-2). By order entered July 19, 2004, the Circuit Court of the Taylor county denied the petitioner's post-trial motions and sentenced him to concurrent terms of 10-25 years for the Sexual Assault charge and 10-20 years for the Sexual Abuse charge. (Doc. 12-3). The petitioner, by counsel, appealed his conviction to the West Virginia Supreme Court of Appeals on December 6, 2004. The Supreme Court refused the appeal, by order entered March 9, 2005. (Doc. 12-4).

The petitioner filed a petition for post-conviction habeas corpus relief in the Circuit Court of Taylor County on May 25, 2006. (Doc. 12-5). The petitioner subsequently filed a supplement and an amendment to his petition. (Id.). By order entered January 4, 2008, following a hearing on January 10, 2007, the Taylor County Circuit Court denied habeas relief on all grounds. (Doc. 12-6). The petitioner, pro se, appealed the Circuit Court's denial of habeas corpus relief to the West Virginia Supreme Court of Appeals on February 5, 2008. The Supreme Court refused the appeal, by order entered June 17, 2008. (Doc. 12-7).

The petitioner filed his federal habeas corpus petition on July 24, 2008. In his petition, the petitioner alleges that his conviction should be overturned and a new trial granted because West Virginia has wrongfully convicted him as a direct result of its total disregard for his right to be competent to stand trial. In addition, the petitioner argues that the state of West Virginia violated the Federal Fifth and Fourteenth Amendments in convicting him and violated the equal protection clause of the Federal Constitution, not only when it failed to determine his competence to stand trial and defend himself from the state's charges, but also when it failed to adjudicate numerous valid claims of government misconduct, and again when it failed to provide any justification for its refusal to provide full and fair adjudication of valid claims of fair trial and due process violations. The plaintiff further notes that he submits his habeas petition verbatim as it was sent to

both the circuit court and the West Virginia Supreme Court of Appeals. As relief, the petitioner requests that this matter be remanded to the West Virginia Supreme Court of Appeals for a full and fair adjudication of his claims.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which his judgment became final is relevant in determining the statute of limitations.

The petitioner was sentenced on July 19, 2004, and the West Virginia Supreme Court denied his Appeal on March 9, 2005. He did not file a petition for certiorari in the United States Supreme Court. Therefore, the petitioner's conviction became final on June 7, 2005, the date the time for filing a petition for certiorari expired, and he had one year from that date to file a timely petition with this Court. Therefore, absent a tolling event, the last date on which the petitioner could have filed a timely federal habeas corpus petition was June 7, 2006.

The petitioner's one-year limitation period began to run on June 8, 2005, and ran for 352 days until he filed his state post-conviction habeas corpus petition in the Circuit Court of Taylor County on May 25th, 2006, tolling the statute with 13 days remaining. The statute remained tolled until the West Virginia Supreme Court refused the petitioner's habeas appeal on June 17, 2008. At

that point, the limitation period began to run again, and expired 13 days later on June 30, 2008. Because the petitioner filed his Federal petition on July 24, 2008, 24 days after the date on which he could timely file, it is outside the limitation period prescribed by 28 U.S.C. § 2244(d)(1).

The undersigned recognizes that the time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In his reply to the respondent's Motion to Dismiss, the petitioner argues that his counsel's negligence in failing to file a state habeas petition in a timely fashion after he was retained justifies tolling the statute of limitations. However, the circuit courts have held that a lawyer's mistake or negligence is not justification for equitable tolling. *See* Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's mistake in calculating limitations periods did not toll the one year statute of limitations); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding that no grounds for equitable tolling existed when the delay occurred because Sandvik's attorney mailed the §2255 petition by ordinary mail instead of express mail); Gilbert v. Secretary of Health and Human Services, 51 F.3d 254, 257 (Fed. Cir. 1995)(holding that the negligence of Gilbert's attorney in reading the applicable statute did not justify equitable tolling). Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir.2000)(holding that "a mistake by a party's counsel in

5

interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.) Furthermore, there is no constitutional right to counsel in state post conviction proceedings. Coleman v. Thompson, 501 U.S.722, 752 (1991). Accordingly, the failure of the petitioner's attorney to file any documents on his behalf for over one year does not present an extraordinary circumstance to justify tolling the statute of limitations.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the respondent's Motion To Dismiss (Doc. 12) be **GRANTED** and the pending petition filed pursuant to 28 U.S.C. §2254 (Doc. 1) be **DENIED and DISMISSED WITH PREJUDICE** because it is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. . In addition, the clerk is directed to send a copy to counsel of record as provided in the

Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: October 24, 2008.

      /s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**