IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLEN LEE MOORE,

    Petitioner,

v.                                      Civil Action No. 5:08CV119
                                                            (STAMP)
DAVID BALLARD,[1]
Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[2] petitioner, Allen Lee Moore, who, at the time of filing, was an inmate at Mount Olive Correctional Complex, was convicted on April 27, 2004, of one count of sexual assault in the second degree and one count of sexual abuse by a parent, guardian or custodian. The petitioner was sentenced in the Circuit Court of Taylor County, West Virginia, to a term of 10-25 years imprisonment for the sexual assault charge and a term of 10-20 years imprisonment for the sexual abuse charge, to be served concurrently. On December 6, 2004, the petitioner filed a direct

---

[1] The petitioner named Thomas McBride, former Warden of Mount Olive Correctional Complex, as the respondent in his original petition. On September 17, 2008, however, the magistrate judge entered an order stating that Thomas McBride is no longer the Warden at the Mount Olive Correctional Complex, and that pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, David Ballard, the present Warden at that facility, is automatically substituted as the proper party respondent in this action.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

appeal of his sentencing, which the West Virginia Supreme Court of Appeals refused.

Thereafter, on May 25, 2006, the petitioner filed a motion for post-conviction habeas corpus relief in state court.[3] That motion was subsequently denied on January 4, 2008. The petitioner then appealed the denial of his habeas corpus relief on all grounds, which the West Virginia Supreme Court of Appeals refused on February 5, 2008.

On July 24, 2008, the petitioner filed the current petition before this Court under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. Specifically, the petitioner alleges that he was wrongfully convicted because the state of West Virginia disregarded his right to be competent to stand trial. Additionally, the petitioner claims that in convicting him, the state of West Virginia violated his constitutional due process and equal protection rights by failing to determine his competence to stand trial, by failing to adjudicate numerous claims of government misconduct, and by failing to justify its refusal to fully and fairly adjudicate claims concerning a fair trial and due process violations.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an

---

[3] The petitioner then filed both a supplement and an amendment to that petition.

initial review and for a report and recommendation on disposition of this matter. In response to an order to show cause, the respondent filed a motion to dismiss the petition as untimely to which the petitioner responded. On October 24, 2008, Magistrate Judge Seibert issued a report and recommendation recommending that the respondent's motion to dismiss be granted, and that the petitioner's § 2254 petition be denied and dismissed with prejudice because it is untimely. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. On November 13, 2008, however, the respondent filed a "Suggestion of Death," advising this Court that the petitioner had died on November 9, 2008. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the parties have

not filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). Specifically, the AEDPA provides, in pertinent part, that:

> The limitation period shall run from the last of:
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The magistrate judge applied the statute of limitations to the present case and found that the petitioner failed to file his federal habeas petition within the prescribed time limit. Specifically, the magistrate judge found that the petitioner's federal habeas petition is untimely because the petitioner filed his federal habeas petition on July 24, 2008, approximately 24 days after the petitioner's time to file a federal

habeas petition expired on June 30, 2008.  The magistrate judge also found that the petitioner is not entitled to equitable tolling based on allegations that his counsel negligently failed to file a timely habeas petition in state court after counsel was retained.

This Court finds no clear error in the magistrate judge's conclusion that the petitioner's § 2254 application is untimely and that the facts alleged by the petitioner do not support equitable tolling.  "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).  To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  Id. In this case, even assuming for the sake of argument that the petitioner's counsel was ineffective as the petitioner contends, the petitioner has failed to establish "extraordinary circumstances" beyond his control that made it impossible for him to file a petition on time.  Accordingly, following review of the record and the parties' pleadings, this Court finds no clear error in the magistrate judge's recommendations.  This Court concludes, therefore, that the magistrate judge's recommendations concerning

the respondent's motion to dismiss, as well as the petitioner's § 2254 petition, should be affirmed and adopted.

Furthermore, as noted above, a suggestion of death was filed on November 13, 2008. Accordingly, this Court would also deny the petition as moot.

IV. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the respondent's motion to dismiss the petition as untimely filed is GRANTED, and the petitioner's § 2254 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Morever, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the parties' failure to object to the magistrate judge's proposed findings and recommendation bars the parties from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 18, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE